IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————

No. 96-30759

Summary Calendar

————————

In the matter of:
GREGORY J. AVERY and KATHLEEN R. AVERY
                                        Debtors

GREGORY J. AVERY and KATHLEEN R. AVERY

                                        Appellants,

versus

JEAN O. TURNER

                                        Appellee.

————————

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-1823)

————————

February 17, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Gregory and Kathleen Avery appeal the Bankruptcy Court's grant of partial summary

judgment in favor of the Trustee, Jean Turner, for monies received by Gregory Avery as a result of

the pre-petition agreement dissolving his law partnership with Ray Orrill.  The Averys claim that the

    *Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

bankruptcy court violated the mandate of our previous opinion, *Turner v. Avery*, 947 F.2d 772 (5th Cir. 1991), by granting summary judgment on the trustee's claims for all the monies due Avery from Orrill on cases assigned to Orrill in the partnership dissolution agreement. In a thorough and able opinion, the district court affirmed the bankruptcy court. We are persuaded that the district court reached the correct result for the right reasons. Our prior opinion did not address those cases handled by Orrill or the fees they generated, and it did not vacate findings of fact made by the bankruptcy court. The bankruptcy court correctly decided that funds received by Avery on a pre-petition agreement on which Avery performed no personal services after the petition date is properly made part of the bankruptcy estate. The same is true of residual partnership funds that resulted from the dissolution of the law partnership.

The Avery's also ask for a new trial. Our review of the record reveals no error or abuse of discretion by the bankruptcy court's refusal to grant appellant's motion for a new trial on the basis of inadvertence and excusable neglect.

The district court's judgment is AFFIRMED.

2